UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRELL DISMUKES,

        Plaintiff,

   v.                               CAUSE NO. 3:21-CV-51 DRL-JEM

SIMON SANCHEZ *et al.*,

        Defendants.

OPINION AND ORDER

Terrell Dismukes, a prisoner without a lawyer, filed a complaint against seventeen defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Dismukes alleges that since July 2, 2020, he has requested medical treatment for his hernia, but his requests have been denied by the prison's medical staff. ECF 1 at 2. He says his hernia is very painful and the hernia belt and medication he was prescribed have not alleviated his pain. *Id*. Mr. Dismukes claims his hernia needs to be removed because he is in pain every day. *Id*. He asserts Dr. Hall and NP Stephanie have ignored his medical condition and refused to arrange for him to have his hernia removed. *Id*.

Mr. Dismukes alleges that, on December 3, 2020, at about 7:00 a.m., he was again denied treatment for his hernia. ECF 1 at 2; 1-6 at 1. He reported to Dr. Hall that he was in pain, and his hernia caused his penis and testicles to hurt. ECF 1 at 2. Mr. Dismukes asked Dr. Hall if he could go to the hospital, but Dr. Hall denied his request. *Id*. He asserts that, despite being tormented with pain, Dr. Hall told him there was nothing he could do to help him and there was no plan to remove his hernia. *Id*. His appointment with Dr. Hall lasted only ten minutes. *Id*.

Because Mr. Dismukes is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. The law assesses a due process challenge to a pretrial detainee's medical care in two steps. *Id*. at 353. The first step, which focuses on the intentional conduct of the defendants, "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id*. A showing of negligence or even gross negligence does not suffice. *Id*. The second step asks whether the challenged conduct was objectively reasonable. *Id*. at 354. The objective reasonableness standard requires more than medical malpractice and "the state-of-mind-requirement for constitutional cases remains higher." *Id*. at 353.

Here, Mr. Dismukes has not plausibly stated a claim against Dr. Hall or NP Stephanie. The complaint indicates that, on December 3, 2020, Mr. Dismukes had a

2

medical appointment with Dr. Hall, and they discussed his hernia. Though Mr. Dismukes was unhappy with Dr. Hall's treatment because he would not agree to send him to the hospital or have his hernia removed, he has not alleged any facts that show Dr. Hall's treatment was objectively unreasonable. Furthermore, to the extent he complains that NP Stephanie generally did not provide him with treatment for his hernia, he has not alleged any specific facts to support his claim. Therefore, he may not proceed against Dr. Hall or NP Stephanie.

Following his December 3, 2020, appointment with Dr. Hall, Mr. Dismukes returned to his pod and talked with Officer Sanchez Simon about getting treatment for his hernia, but Officer Simon told him he had no control over the medical staff's decisions. ECF 1-6 at 1. He asked Officer Simon if he could speak with his supervisor and the medical staff again, but Officer Simon would not allow him to do so. *Id*. Mr. Dismukes states that Officer Simon, who had been treating him disrespectfully, grabbed his arm. *Id*. He asserts he pulled away from Officer Simon, at which point, he was assaulted by Officers Sanchez, Shalynn Jones, Alexander Baker, Brent Rose, Greg Moore, and Paul Johnson, simply because he had asked to speak to a supervisor about his medical condition. *Id*. Mr. Dismukes could not stop the defendants from assaulting him and one of the officers allegedly sexually assaulted him by pulling down his pants when he was face down in restraints. *Id*.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. In determining whether force was

3

objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397. Here, additional fact finding may demonstrate that the force used against Mr. Dismukes was objectively reasonable but giving Mr. Dismukes the inferences to which he is entitled at this stage of the case, he has stated a claim of excessive force against Officers Simon Sanchez, Shalynn Jones, Alexander Baker, Brent Rose, Greg Moore, and Paul Johnson, for allegedly assaulting him on December 3, 2020.

Mr. Dismukes next alleges that, on December 4, 2020, he asked every prison staff member who passed by his cell for help and even placed a sign in the window of his cell door about the December 3, 2020, incident. ECF 1-1 at 2. He was ignored by the prison's staff until December 5, 2020, when Officer Chad Williams came to his cell and talked with him. *Id.* However, Mr. Dismukes claims Williams had been lying to him all day, and Mr. Dismukes told Williams he would push his hernia out if he did not get to talk to a supervisor. *Id.* Sgt. Demond Johnson was called to Mr. Dismukes's cell and ordered Mr. Dismukes to cuff up so that he could be placed on suicide watch. *Id.* However, because he refused to cuff up, he was sprayed with OC spray, tased, and assaulted by Officers Williams, Johnson, Fred Fowler, Aaron Lello, Andres Mercado, Marquise Myers, and Noah Stamper. *Id.* Mr. Dismukes was then placed on suicide watch from December 6, 2020, to December 7, 2020. *Id.* While additional fact finding may show that the force used against Mr. Dismukes on December 5, 2020 was objectively reasonable, he has stated a

4

claim against Officers Chad Williams, Demond Johnson, Fred Fowler, Aaron Lello, Andres Mercado, Marquise Myers, and Noah Stamper. *Id*.

Mr. Dismukes has also sued Warden Lawson alleging that Warden Lawson did let him file charges or report the alleged sexual assault. ECF 1-1 at 2. However, Mr. Dismukes has offered no specific facts about his efforts to file charges. Furthermore, a § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Warden Lawson was not personally involved in the alleged assaults on December 3, 2020, and December 5, 2020, he cannot be held liable simply because he oversees the operation of the prison or supervises prison staff. Therefore, Mr. Dismukes cannot proceed against Warden Lawson.

Furthermore, to the extent Mr. Dismukes may be asserting that Sgt. Olmstead found him guilty of two allegedly false disciplinary charges, this does not state an independent cause of action. ECF 1-1 at 2; ECF 1-6 at 1. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Because Mr. Dismukes's complaint does not plausibly allege that any of his due process rights were violated at his disciplinary hearings, he may not proceed against Sgt. Olmstead.

For these reasons, the court:

(1) GRANTS Terrell Dismukes leave to proceed against Officers Simon Sanchez, Shalynn Jones, Alexander Baker, Brent Rose, Greg Moore, and Paul Johnson, in their individual capacities for compensatory and punitive damages for allegedly assaulting him on December 3, 2020, in violation of the Fourteenth Amendment;

(2) GRANTS Terrell Dismukes leave to proceed against Officers Chad Williams, Demond Johnson, Fred Fowler, Aaron Lello, Andres Mercado, Marquise Myers, and Noah Stamper in their individual capacities for compensatory and punitive damages for allegedly assaulting him on December 5, 2020, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Dr. Hall, NP Stephanie, Warden Lawson, and Sgt. R. Olmstead;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officers Simon Sanchez, Shalynn Jones, Alexander Baker, Brent Rose, Greg Moore, Paul Johnson, Chad Williams, Demond Johnson, Fred Fowler, Aaron Lello, Andres Mercado, Marquise Myers, and Noah Stamper at St. Joseph County Jail, with a copy of this order and the complaint (ECF 1, ECF 1-1, ECF 1-6), under 28 U.S.C. § 1915(d);

(6) ORDERS St. Joseph County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officers Simon Sanchez, Shalynn Jones, Alexander Baker, Brent Rose, Greg Moore, Paul Johnson, Chad Williams, Demond Johnson, Fred Fowler, Aaron Lello, Andres Mercado, Marquise Myers, and Noah

Stamper to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 18, 2021                                        *s/ Damon R. Leichty*
                                                                             Judge, United States District Court